**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-26-0000087
18-MAY-2026
11:12 AM
Dkt. 34 ORD**

NO. CAAP-26-0000087


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER
TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST X-A,
Plaintiff-Appellee,
v.
WILLIAM ROY BRILLINGER, Defendant-Appellant, and
ABBEY EADY BRILLINGER, WHO ACQUIRED TITLE AS
ABBEY C. EADY, ALSO KNOWN AS ABBEY BRILLINGER;
ASSOCIATION OF APARTMENT OWNERS OF KEHALANI GARDENS;
KEHALANI COMMUNITY ASSOCIATION;
KAHIKOLU, LTD., D/B/A CALYPSO CHARTERS; IDLE WILD CHARTERS, INC.,
D/B/A/ MALOLO CHARTERS; WEST SIDE CHARTERS, LLC,
D/B/A QUICKSILVER CHARTERS,
Defendants-Appellees, and
JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20;
DOE ENTITIES 1-20; AND DOE GOVERNMENTAL UNITS 1-20,
Defendants, and
non-party purchasers BRONZE PARTNERS LLC and K&G PROPERTIES LLC.


KEHALANI COMMUNITY ASSOCIATION,
Cross-Claim Plaintiff-Appellee,
v.
WILLIAM ROY BRILLINGER,
Cross-Claim Defendant-Appellant, and
ABBEY EADY BRILLINGER, WHO ACQUIRED TITLE AS ABBEY C. EADY,
ALSO KNOWN AS ABBEY BRILLINGER; ASSOCIATION OF APARTMENT OWNERS
OF KEHALANI GARDENS; KAHIKOLU, LTD., D/B/A CALYPSO CHARTERS;
IDLE WILD CHARTERS, INC., D/B/A MALOLO CHARTERS;
WEST SIDE CHARTERS, LLC, D/B/A QUICKSILVER CHARTERS,
Cross-Claim Defendants-Appellees, and
JOHN DOES 1-20, JANE DOES 1-20, AND DOE ENTITIES 1-20,
Cross-Claim Defendants, and
non-party purchasers BRONZE PARTNERS LLC and K&G PROPERTIES LLC.

ASSOCIATION OF APARTMENT OWNERS OF KEHALANI GARDENS,
Cross-Claim Plaintiff-Appellee,
v.
WILLIAM ROY BRILLINGER,
Cross-Claim Defendant-Appellant, and
ABBEY EADY BRILLINGER, WHO ACQUIRED TITLE AS ABBEY C. EADY,
ALSO KNOWN AS ABBEY BRILLINGER; KEHALANI COMMUNITY ASSOCIATION;
KAHIKOLU, LTD., D/B/A CALYPSO CHARTERS; IDLE WILD
CHARTERS, INC., D/B/A MALOLO CHARTERS;
WEST SIDE CHARTERS, LLC, D/B/A QUICKSILVER CHARTERS,
Cross-Claim Defendants-Appellees,
and JOHN DOES 1-20, JANE DOES 1-20, AND DOE ENTITIES 1-20,
Cross-Claim Defendants, and
non-party purchasers BRONZE PARTNERS LLC and K&G PROPERTIES LLC.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CCV-24-0000209)


ORDER DISMISSING APPEAL
(By: Leonard, Presiding Judge, McCullen and Gluck, JJ.)

Upon review of the record, it appears as follows. On May 1, 2026, this court issued an Order to Show Cause, inviting the parties to show cause why this appeal should <u>not</u> be dismissed as moot, as no stay of the foreclosure was obtained and the property was sold to a good-faith, third-party purchaser. <u>See Bank of New York Mellon v. R. Onaga, Inc.</u>, 140 Hawaiʻi 358, 366, 400 P.3d 559, 567 (2017) ("The general rule is that the right of a good faith purchaser to receive property acquired at a judicial sale cannot be affected by the reversal of an order ratifying the sale where a supersedeas bond has not been filed." (citation, brackets, and quotation marks omitted)). Self-represented Defendant-Appellant William Brillinger (**Brillinger**) filed a response thereto, arguing that the appeal is not moot because the purchasers are not bona fide purchasers for value, and the mootness doctrine should not be mechanically applied where it would work a manifest injustice.

Brillinger's arguments are unavailing. The Circuit Court of the Second Circuit has determined the purchaser was a good-faith purchaser for value, and knowledge of a pending appeal does not defeat good faith purchaser status. <u>In re Marn Family Litig.</u>, 143 Hawaiʻi 236, 426 P.3d 460, CAAP-14-0001232, 2018 WL 4660182 (App. Sept. 28, 2018) (SDO). The only recognized

exceptions to mootness, under these circumstances, are when the "reversal is based on jurisdictional grounds or when the purchaser is the mortgagee."  Onaga, 140 Hawaiʻi at 366, 400 P.3d at 567.  Brillinger does not contend the Circuit Court lacked jurisdiction, or that the purchaser is the mortgagee.

Brillinger asks that any dismissal be without prejudice to seeking relief from the Circuit Court under Hawaiʻi Rules of Civil Procedure Rule 60(b).  The court declines to opine on whether Brillinger may seek further relief from the Circuit Court.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed as moot.

IT IS FURTHER ORDERED that all pending motions are dismissed.

DATED:  Honolulu, Hawaiʻi, May 18, 2026.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Daniel M. Gluck
Associate Judge